NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESTATE OF ANTHONY DASARO, et al., | |
| Plaintiff, | Civil Action No. 14-7773 (PGS) |
| v. | OPINION |
| CNTY. OF MONMOUTH, et al., | |
| Defendants. | |

SHERIDAN, DISTRICT JUDGE

This matter comes before the Court on Defendant Correct Care Solution's ("CCS") hybrid Motion to Dismiss/for Summary Judgment seeking to dismiss Plaintiff Rosetta Dasaro's ("Plaintiff") claims against it. (ECF No. 8.) Plaintiff has opposed the Motion (ECF No. 13) and has also filed a Motion for Leave to File a Late Notice of Tort Claim (ECF No. 11). On September 29, 2015, the Court conducted oral argument. Based on the following and for the reasons expressed herein, Plaintiff's motion is GRANTED and Defendant's motion is GRANTED in part.

I. BACKGROUND

Plaintiff is the administrator of the Estate of Anthony Dasaro. Plaintiff's husband, Anthony Dasaro ("Decedent"), was an inmate incarcerated at Monmouth County Correctional Institution ("MCCI") from April 28, 2014 through May 3, 2014. According to the Complaint, prior to his arrest, Decedent was prescribed various medications for bi-polar manic depressive disorder. (Compl. ¶ 16.) Also according to the Complaint, at the time of Decedent's arrest and incarceration, all of his anti-depressant medications were confiscated and he was not given any of his medication

for at least four (4) days prior to his death. (*Id.* at ¶ 17.) On May 3, 2014, Decedent committed suicide by hanging while at MCCI. (*Id.* at ¶ 20.)

Only the first count of the Complaint alleges claims against Defendant CCS. Those allegations are as follows:

> Based upon information and belief, defendant, Correct Care Solutions, LLC, performed medical services for defendants, Monmouth County and Monmouth County Correctional Institution, including, but not limited to, taking a medical history, examining and/or evaluating the medical condition of its inmates, including the decedent, Anthony Dasaro.
>
> ...
>
> Based upon information and belief, defendant, Correct Care Solutions, LLC, failed to take a proper history from the decedent, Anthony Dasaro; failed to perform a proper evaluation of the decedent, Anthony Dasaro; failed to administer the decedent, Anthony Dasaro's, anti-depressant medication, resulting in Mr. Dasaro's death.
>
> ...
>
> Based upon information and belief, the defendants herein were aware of the decedent's risk of committing suicide.
>
> Furthermore, Mr. Dasaro was denied necessary medical treatment and medication by the defendants herein following his incarceration.
>
> Thereafter, the decedent's family was informed that the decedent, Anthony Dasaro, was killed as a result of a selfhanging.
>
> That the aforementioned occurrence was caused as a result of the carelessness, negligence and recklessness of the defendants herein; that the defendants, their agents, servants and/or employees failed to take a proper history of the decedent's medical history; that the defendants, their agents, servants and/or employees failed to administer the decedent's anti-depressant medication; that the defendants, their agents, servants and/or employees knew or should have known of the risk that decedent had to commit suicide; that the defendants, agents, servants and/or employees failed to properly evaluate the decedent's medical condition; that the defendants, their agents, servants and/or employees failed to take proper precautions

>to prevent the decedent from committing suicide; that the defendants, their agents, servants and/or employees allowed and permitted the decedent access to various instruments and/or objects, which allowed him to commit suicide.
>
>As a direct and proximate result of the acts of the defendants, their servants, agents and/or employees herein, decedent, Anthony Dasaro, was caused to experience and sustain severe conscious pain and suffering, mental suffering, anguish, psychological and emotional distress, death, loss of income and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New Jersey State Constitutions.
>
>That as a direct result of the acts of the defendants, their agents, servants, an/or [sic] employees, decedent, Anthony Dasaro, sustained damage pursuant to Survivor's Act N.J.S.A. 2A-15-3 and Wrongful Death Act N.J.S.A. 2A:31-1-5.

(Compl. ¶¶ 21-30.)

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to File a Late Notice of Tort Claim

On February 19, 2015, Plaintiff filed a Motion for Leave to File a Late Notice of Tort Claim upon Defendant CCS. (ECF No. 11.)

The New Jersey Tort Claims Act (the "Tort Claims Act") states that "[n]o action shall be brought against a public entity or public employee under [the Tort Claims Act] unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter." N.J. STAT. ANN. § 59:8-3. Specifically, a claimant must sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days from accrual of the cause of action. *Id.* at 59:8-8.6. After the Notice of Claim is filed, a plaintiff must wait six months before filing suit against the public entity or employee in an appropriate court. *Id.*

N.J. STAT. ANN. § 59:8-9 establishes an exception to the requirement that a claimant file a Notice of Claim within 90 days from the date of accrual. Section 59:8-9 "allows a court to extend

3

the notice period up to one year if the public entity or employee would not be 'substantially prejudiced' by the delay and the claimant shows 'extraordinary circumstances for his failure to file notice' within the proper time period." *Rolax v. Whitman*, 53 F. App'x 635, 638 (3d Cir. 2002) (citing N.J. STAT. ANN. 59-8:9).

The term "extraordinary circumstances" is not defined in the Tort Claims Act and the existence of extraordinary circumstances must be determined by the courts on a case-by-case basis. *S.P. v. Collier High Sch.*, 725 A.2d 1142, 1148 (N.J. Super. Ct. App. Div. 1999). Ignorance of the law or the Tort Claims Act's 90 day notice requirement, without more, do not qualify as extraordinary circumstances justifying a delay in filing a Notice of Claim. *Forcella v. City of Ocean City*, 70 F. Supp. 2d 512, 517 (D.N.J. 1999).

In *Lowe v. Zarghami*, 731 A.2d 14 (1999), the New Jersey Supreme Court provided further guidance on the issue of extraordinary circumstances. The *Lowe* case involved a medical malpractice claim against a clinical professor, employed by a state university, who was performing surgery at a private hospital. *Id.* Finding that extraordinary circumstances were present and permitting the late notice, the court held that:

> [a]lthough the exact identity of the tortfeasor []was known, his status as a public employee was obscured by his apparent status as a private physician. Plaintiff's failure to file a notice of claim arose not from any lack of diligence; to the contrary, plaintiff filed her claim within the two-year limitation period applicable to malpractice claims against a private physician. What is unusual in this case…is that unlike most cases involving public entities and public employees, the defendant-doctors were performing tasks associated generally with private practice and not public service.
>
> The notice provisions of the Tort Claims Act were not intended as a trap for the unwary. Generally, we examine more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application. Not any one factor

>constitutes "sufficient reasons," but courts consider a combination of factors. Likewise, because "extraordinary circumstances" is an imprecise standard, each case will depend on its own circumstances.

*Id.* at 26-27 (internal citations and quotations omitted).

As the New Jersey Supreme Court did in *Lowe*, the Court finds that Plaintiff has shown extraordinary circumstances.[1] Plaintiff timely filed Notices of Claim with the Monmouth County Defendants, so she was certainly aware of her obligation to do so. Though CCS was providing medical care to prisoners at Monmouth County Correctional Institution, its status as a public entity was certainly not clear. In fact, an affidavit provided by CCS's own employee specifically identifies it as a private corporation. (Pl.'s Motion, Ex. B, Affidavit of Melanie Volker ¶ 6, ECF No. 11-5.) Given the lack of clarity as to CCS's status as a public entity, the Court finds that Plaintiff has shown extraordinary circumstances for failing to timely serve it with a Notice of Claim. Moreover, CCS will not suffer any prejudice if the Court allows the late filing because it has been aware of facts forming the basis of this Complaint since the date of the incident and the County Defendants have also alleged cross claims for contribution and indemnification against it.

Based on the foregoing, the Court will grant Plaintiff's Motion for Leave to File a Late Notice of Tort Claim.

## B. Defendant's Motion to Dismiss and/or Summary Judgment

### 1. Legal Standards

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.

---

[1] Defendant does not dispute that Plaintiff's motion was filed within one year of the date of accrual.

*See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). Moreover, although a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678–79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Nevertheless, a complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397–98 (3d Cir. 2000).

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility

determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alveras v. Tacopina*, 226 F. App'x 222, 227 (3d Cir. 2007).

## 2. Analysis

### a. Negligence Claim

Defendant CCS seeks dismissal of the state negligence claim against it based on Plaintiff's failure to serve a Notice of Claim. As discussed above, the Court will grant Plaintiff's Motion for Leave to File a Late Notice of Claim, so that basis for dismissal is moot. With regard to Defendant's Motion for Summary Judgment on the negligence claim, the Court finds at this early juncture, before Defendant CCS has filed an answer and before the parties have engaged in discovery, said motion is premature and will be denied without prejudice. *See* FED. R. CIV. P. 56(d); *Networld Commc'n v. Croatia Airlines*, 2015 WL 3461030, at *7 (D.N.J. June 1, 2015) ("Because discovery is not yet complete, Plaintiff's motion for partial summary judgment ... [is] denied.").[2]

### b. Section 1983 Claims

As discussed above, Count One appears to be the only count which alleges claims against Defendant CCS. The Third Circuit has stated the following with regard to Section 1983 claims against entities such as CCS:

> [CCS] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability. In order for

---

[2] The Court also notes that Defendant's Motion for Summary Judgment is subject to dismissal for failure to comply with L. CIV. R. 56.1. Specifically, L. CIV. R. 56.1(a) requires that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion...Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law." Defendant failed to submit its Statement of Material Facts as a separate document.

> [CCS] to be liable, [Plaintiff] must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation they allege.
>
> Not all state action rises to the level of a custom or policy. A policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law.
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

*Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (internal citations omitted). *See also Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 147 (3d Cir. 2012) ("Because CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in a § 1983 action, it too can only be held liable on the basis of some policy it had that caused the alleged violation of Lopez's Eighth Amendment rights"); *Velasquez v. Hayman*, 546 F. App'x 94, 98 (3d Cir. 2013) ("But respondeat superior liability cannot attach to C.M.S. and St. Francis for the acts of their employees. Rather, Velasquez needed to show that they had policies or customs of denying necessary medical care") (internal citation omitted); *Tremper v. Correct Care Sol.*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014) ("For Correct Care Solutions to be found liable under § 1983, Plaintiff must assert in the Complaint facts showing that

9

Correct Care Solutions had a relevant policy or custom, and that this policy or custom caused the alleged constitutional violation").

As correctly argued by Defendant, Plaintiff's Complaint does not allege any facts regarding policy or custom against CCS. Rather, the allegations all relate to failures or mistakes committed by individuals employed by CCS. Because CCS cannot be held liable on a theory of respondeat superior and there are no allegations regarding custom or policy, the Section 1983 claims against Defendant CCS must be dismissed without prejudice.[3] Should Plaintiff wish to address these deficiencies, she must file a motion to amend the complaint which complies with all appropriate rules.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Late Notice of Tort Claim is granted. Defendant CCS's Motion to Dismiss is granted with regard to Plaintiff's Section 1983 claims and New Jersey constitutional claims. Defendant CCS's Motion for Summary Judgment regarding the negligence claim is denied. An appropriate order follows.

Dated:

_____
Peter G. Sheridan, U.S.D.J.

---

[3] Because respondeat superior liability is not permitted under § 1983, and because New Jersey courts interpret the New Jersey Civil Rights Act as analogous to § 1983, the New Jersey constitution claims against CCS will also be dismissed. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) ("respondeat superior liability is not permitted for claims under the New Jersey Constitution and the NJCRA") (collecting cases); *Vallone v. Twp. of Holmdel Police Dep't*, No. A-1452-12T3, 2014 WL 4472701, at *7 (N.J. Super. Ct. App. Div. Sept. 12, 2014)( "In any event, a municipality cannot be held liable in a civil rights action under a theory of respondeat superior for an injury inflicted solely by an employee or agent").